### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FILED
JAMES BONINI
CLERK

'05 Jul 22 PM 3: 11

U.S. ... COURT
SOUTH... ... OHIO
WEST DIV CINCINNATI

PROHOLD WORKHOLDING, INC., and
AMERICAN WORKHOLDING, INC.,

                        **Plaintiffs,**

**v.**

BONDHUS CORPORATION,

                        **Defendant.**

Case No.  1:04CV827

### STIPULATED PROTECTIVE ORDER

### STIPULATION

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties to the

above captioned action, acting through their authorized attorneys of record, that the Court may

enter an order containing the following provisions, pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure:

      1.      Any person or entity (the "Producing Party") producing materials in discovery in

this matter ("Produced Materials") may designate as "CONFIDENTIAL" pursuant to this Order

any Produced Material that the Producing Party in good faith believes contains or discloses

confidential information, including financial data, technical information, trade secret or other

nonpublic research, development or commercial information, and/or other information required

by law or agreement to be kept confidential.  All such designated material, all copies, excerpts

and summaries thereof, and all information contained therein or derived therefrom is deemed

"Confidential Material" for the purposes of this Stipulated Protective Order.

2.    Confidential materials related to the following subjects may be further designated and marked as "CONFIDENTIAL - ATTORNEYS' EYES ONLY", including, but not limited to, the following:

    (a)    design specifications or drawings for products or features (unless such materials have been made available to third parties without any obligation of confidentiality);

    (b)    material disclosing confidential information concerning products to the extent that such information is not yet publicly available and has not yet been announced;

    (c)    information concerning future market plans or market directions for existing or new products, including but not limited to competitive analyses; and

    (d)    non-public financial information, including but not limited to costs, margins, profitability and expenses with respect to any product or feature.

3.    The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is intended to apply to a discrete group of extremely confidential materials.

4.    The designation of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY for purposes of this Order shall be made in the following manner:

    (a)    with regard to written material (excluding transcripts of depositions or other pre-hearing testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL - Subject to Protective Order" or "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

EYES ONLY - Subject to Protective Order" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"; and

(b)    with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

5.    All deposition exhibits and testimony of the parties, and of any attorneys for the parties, in this Action shall initially be deemed CONFIDENTIAL (except to the extent designated CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with this Order) and treated as such in accordance with this Stipulated Protective Order.

6.    No objection or instruction not to answer shall be interposed at a deposition if that answer would elicit CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material. Instead, when a question to be posed or an answer will disclose CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material, the deposition will proceed on the following basis: prior to posing the question or answering the question, all persons present shall be advised of the terms and conditions of the Stipulated Protective Order and, at the request of the disclosing person, all persons not authorized to receive CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials shall leave the room during the time in which the CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials are disclosed or discussed.

7.    Information designated as CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY during a deposition shall lose its confidential status 30 days following receipt of the transcript by counsel for the parties, unless within that 30 day period, the party designating information disclosed during the deposition as CONFIDENTIAL or

CONFIDENTIAL—ATTORNEYS' EYES ONLY notifies all parties in writing of the specific pages and lines of the transcript that are to be treated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY thereafter.  There will be no dissemination of deposition transcripts until such notice has been made or the time for designation has passed.

8.     When any confidential information is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the Court reporter or videographer recording the deposition to bind such confidential portions separately and label them"[Producing Party's name]", "CONFIDENTIAL - Subject to Protective Order" or "CONFIDENTIAL - Attorneys' Eyes Only - Subject to Protective Order."  Before a Court reporter or videographer receives any such information, he or she shall have first read this Order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto.  Copies of each such signed agreement shall be provided to the Producing Party of such confidential information.

9.     When confidential information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements to ensure that only persons entitled to such information under the Stipulated Protective Order are present during such presentation, quotation or reference.

10.     For purposes of producing original files, records and other documents or material for inspection, the disclosing person may elect to refrain from designating specific documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" until after the inspecting party has selected specific documents and/or materials for copying.  In such event, the disclosing person shall inform the other party prior to producing the documents or material for

production that all such documents and material should be considered CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY for purposes of the inspection. Thereafter, upon selection of specified documents and material for copying by the inspecting party but before the production of such copies, the disclosing person shall designate any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY discovery material thus produced in accordance with the Stipulated Protective Order.

11.     A disclosing person may redact from discovery material any information that it considers to be CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY but not relevant to the subject matter of the Action. Any discovery material so redacted shall have "REDACTED" written or stamped on each page from which material or information was redacted. Upon the request of any party to this Action, the disclosing person shall promptly produce a log describing the nature of the redacted information.

12.     All written discovery requests and responses thereto which contain information considered to be confidential shall be individually identified and designated in accordance with the Stipulated Protective Order, and shall contain the appropriate written notice upon service thereof.

13.     Except as agreed by the Producing Party or as otherwise provided herein, information designated as CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY, and all copies, excerpts and summaries thereof and material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

14.    Discovery material and information designated as CONFIDENTIAL may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(a)    outside counsel for the parties in this matter who have a need to know such information to fulfill their duties and responsibilities in connection with this litigation; regular and temporary employees of such outside counsel (including support personnel) to the extent necessary to assist such counsel in the conduct of this litigation;

(b)    in-house counsel for the parties;

(c)    the parties, and current employees of the parties, assisting counsel for the parties in the conduct of this litigation;

(d)    independent experts and consultants and their staff (excluding current employees of the parties) retained to assist counsel for the parties in the conduct of this litigation;

(e)    witnesses or potential witnesses in this matter (other than current employees of the parties) and their counsel, provided that the document or non-written material was authored by, created by, received by or is otherwise established to have been known to the witness or potential witness;

(f)    the Court;

(g)    court reporters;

(h)    photocopy services;

(i)    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this matter;

(j)     non-technical trial or hearing consultants;

(k)     document imaging and database services and consultants retained to set up, maintain and/or operate electronic databases; and

(l)     others as to whom the Producing Party has given written consent.

15.     Confidential Material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the persons described in Paragraphs 14(a), 14(d), 14(f), 14(g), 14(h) 14(i), 14(k) and 14(l).  In addition, Confidential Material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, revealed or otherwise made available in whole or in part to a person described in Paragraph 14(e) but only to the extent that such Confidential Material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" was authored by, created by, received by or is otherwise established to have been known to such person.

16.     This Order shall not apply to (A) a Producing Party's use of its own CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Material for any purpose or (B) a Producing Party's use of documents or other information developed or obtained independently of discovery in this matter for any purpose.

17.     This Order shall not restrict an attorney who is a qualified recipient under the terms of Paragraph 14(a) from rendering advice to his or her client with respect to this matter, and in the course thereof, from generally relying upon his or her examination of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any CONFIDENTIAL or CONFIDENTIAL -

-7-

ATTORNEYS' EYES ONLY Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

18.     The recipient of any documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY provided pursuant to the Stipulated Protective Order shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

19.     Every person to whom CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order. Furthermore, all persons listed in Paragraphs 14(b)-(e) and (i)-(l) to whom disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Attachment B.

20.     Nothing in this Order shall be construed to prohibit a supplying party from seeking relief from an inadvertent and/or unintentional disclosure of documents.

21.     If the Court orders, or if the Producing Party and all parties agree, that access to, or dissemination of, information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be made to persons not included in Paragraph 14 above, such matter shall only be accessible to, or disseminated to, such persons based on the conditions pertaining to, and obligations arising from, this Order, and such persons shall be considered subject to it unless the Court finds that the information is not CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS' EYES ONLY information as defined in Paragraphs 1 and 2 hereof.

22.     If any party files or lodges with the Court any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY document, written discovery response, deposition or information which is so specifically marked or designated and submitted in accordance this Order, or any document containing such information, each and every such document and information shall be filed and/or lodged with the Court under seal and shall be maintained under seal by this Court. No party shall file and/or lodge with the Court any motion, brief or other paper containing or otherwise exhibiting any specifically marked or designated confidential information unless said motion, brief or other paper is filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the caption in this action, an indication of the nature of the contents of such sealed container, the words CONFIDENTIAL-- Subject to Protective Order or CONFIDENTIAL ATTORNEYS' EYES ONLY -- Subject to Protective Order and a statement in substantially the following form:

### FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

This envelope contains confidential documents which are filed in this case by [name of party]. It is not to be opened except by the Court nor are the contents thereof to be displayed or revealed except by order of the Court or by stipulation of the parties.

23.     If a party to this order who is a recipient of any information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and submitted in accordance with this Order disagrees with respect to such a designation, in full or in part, it shall notify the Producing Party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of, such a

conference, the Producing Party withdraws its designation of such information as being subject to this Order, but nonetheless submits such information for purposes of the suit, the Producing Party shall express the withdrawal in writing and shall serve such withdrawal upon all parties. If the recipient and Producing Party are unable to concur upon the status of the subject information submitted as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information within ten days from the date of notification of such disagreement, any party to this Order may raise the issue of the designation of such a status to the Court, or the Court may raise the issue of designation of the confidential status without any request from a party. Upon notice that such confidential status of information is at issue, the party to the suit which submitted the information and designated it as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall have the burden of proving such confidential status.

24.    If CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information submitted in accordance with this Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

25.    The inadvertent or unintentional disclosure by a disclosing person of discovery material considered by that person to be CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of that person's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information disclosed or as to any other document, material or

information relating thereof. Such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in conformance with Paragraphs 1 or 2 hereof as soon as reasonably possible after the disclosing person becomes aware of the erroneous disclosure and upon written notice to all parties of such later designation shall thereafter be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. Disclosure of such discovery material by any person prior to the later CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation shall not be deemed a violation of the Stipulated Protective Order.

26.     Upon the final disposition of this litigation, each party that is subject to this Order shall (A) return to the Producing Party all items containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information submitted in accordance with this Order, including all copies of such items which may have been made, and (B) destroy all copies containing notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. Confirmation of the destruction of all such copies containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information and such notes or other attorney's work product, shall be set forth in writing within 60 days after final disposition of the litigation in a letter sent to the Producing Party of such items. Receipt of material returned to the Producing Party shall be acknowledged in writing. Notwithstanding the foregoing, outside counsel for each party may retain a single copy of all materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

27.     If any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information which is supplied in accordance with this Order  is supplied by a non-party to this

suit, such a non-party shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order.

28.    At or before the final disposition of this suit, copies of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information that was in the hands of consultants or experts must be retrieved and disposed of as under Paragraph 26, above.

29.    Nothing in this Stipulated Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.  This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

30.    The provisions of this Stipulated Protective Order, insofar as they restrict the disclosure and use of discovery material designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or information derived therefrom, shall continue to be binding following the conclusion of this Action, unless written permission to the contrary is obtained from the disclosing person or the Court otherwise orders.

31.    The Stipulated Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order.

32.     Upon notice, the Court may make such further order and directions as it deems appropriate or necessary concerning the subject matter of this Stipulated Protective Order including, without limitation, orders modifying, extending, limiting or vacating any or all of the provisions herein contained.

Dated:  21st day of June, 2005      FAEGRE & BENSON LLP

By____/s Michelle A. Paninopoulos

    Eunice P. de Carvalho (MN 257473)
    edecarvalho@faegre.com
    Michelle A. Paninopoulos (MN 312411)
    mpaninopoulos@faegre.com

    /s/ John J. Williams_____ (0041466)
    john_williams@gshllp.com
    Elizabeth Conkin   (0064678)
    beth_conkin@gshllp.com

**Attorneys for Defendant Bondhus Corporation**

Dated:  21st day of June, 2005      FROST BROWN TODD LLC

By____/s Ann G. Robinson
    arobinson@ftbtlaw.com

**Attorneys for Plaintiffs Prohold Workholding, Inc. and American Workholding, Inc.**

**SO ORDERED**.

Dated: July ___, 2005

_____
Sandra S. Beckwith
U.S. District Court Judge